81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmela HECHANOVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70804.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 21, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carmela Hechanova entered the United States lawfully as a nonimmigrant visitor in November, 1984, but overstayed her visa. She was ordered deported by an Immigration Judge (IJ) in March 1986, but due to a procedural error by the Immigration and Naturalization Service (INS) the Board of Immigration Appeals (BIA) did not receive Hechanova's properly filed appeal until March, 1991. While her appeal was pending, Hechanova moved to remand her case to the IJ for an evidentiary hearing based on the circumstances of her presence in the United States during the five-year delay.
 
 
 3
 In October 1994, the BIA dismissed Hechanova's appeal and denied her motion to remand. Hechanova petitions for review of the BIA's decision. We have jurisdiction under section 106(a) of the Immigration and Naturalization Act (Act), 8 U.S.C. § 1105(a), and we deny review.
 
 
 4
 Hechanova sought asylum as a "refugee" under 8 U.S.C. §§ 1158(a), on the grounds that she had a well-founded fear of persecution and had suffered past persecution such that it would be inhumane to deport her. The IJ ruled against Hechanova on both grounds, and the BIA affirmed.
 
 
 5
 We review the BIA's determination concerning persecution for substantial evidence. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). We will uphold the BIA's determination unless a reasonable factfinder would be compelled by the evidence to reach contrary conclusions. Id. The alien bears the burden of presenting evidence to demonstrate a well-founded, reasonable fear of persecution. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). We review a denial of asylum for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 847, 861 (9th Cir.1995).
 
 
 6
 Substantial evidence supports the BIA's determinatino that Hechanova has no reasonable, well-founded fear of persecution. When Hechanova lived in the Philippines, she was an active opponent of the regime of Ferdinand Marcos. During the early 1980s, Hechanova suffered political persecution due to her political activities against Marcos, including being arrested three times, being detained twice for a day and a half, being followed by suspected Marcos bodyguards, and having her house stoned.
 
 
 7
 All of Hechanova's political activities were in opposition to the Marcos regime. But Marcos was removed from power in 1986, one month prior to Hechanova's hearing before the IJ. The IJ and the BIA correctly concluded that, in light of the change in government from Marcos's despotism to Aquino's democracy, Hechanova no longer has a reasonable fear of persecution from the government.
 
 
 8
 Hechanova contends she will be persecuted by former Marcos bodyguards if she returns. The BIA determined, based on the record, this fear was "entirely speculative and without foundation." Although Hechanova was followed by men she suspected to be Marcos bodyguards when she last resided in the Philippines, the record does not support her continued fear. Hechanova submitted two letters from relatives back in the Philippines warning that the bodyguards were "still around." One letter, from her brother, predated the overthrow of the Marcos regime. The other letter, from her mother, merely stated that the bodyguards were apparently still in the country despite Marcos's exile. This evidence does not compel the conclusion that Hechanova will face persecution should she return to the Philippines.
 
 
 9
 The BIA further noted that there was no evidence in the record indicating that Marcos opponents similar to Hechanova have been persecuted since the end of the Marcos regime. To the contrary, the evidence showed that Hechanova's mother, also an anti-Marcos activist who was arrested and detained several times along with Hechanova, has not faced persecution since Marcos's departure. The experience of her similarly situated mother belies Hechanova's fear.[1]
 
 
 10
 Hechanova argues the BIA abused its discretion in considering the current state of the Filipino government without allowing her to present evidence to support her continued fear of persecution. She relies on Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), where we held the BIA's taking of administrative notice of a change in government without allowing the alien to present evidence of a fear of persecution under the new regime violated the alien's due process rights. Id. at 1029.
 
 
 11
 Castillo-Villagra is inapposite. In Castillo-Villagra, the notice of a change in government occurred after the alien's IJ hearing and after the alien's submission of briefs to the BIA. When a change in government occurs before the IJ hearing, as it did here, and the alien has the opportunity to present evidence before the IJ, the alien suffers no infringement of her due process rights. See Acewicz v. INS, 984 F.2d 1056, 1060-61 (9th Cir.1993).
 
 
 12
 Hechanova had ample opportunity to present evidence about the effect of the change in government. Indeed, the IJ specifically addressed this issue, but Hechanova failed to provide evidence of a well-founded fear of persecution under the Aquino government. Nor did Hechanova offer any new evidence in her motions and supporting papers to the BIA suggesting a well-founded fear of persecution under the post-Marcos government.
 
 
 13
 Although the BIA mentioned that "President Aquino has been since [the IJ hearing] replaced by President Ramos in a fair election in May of 1992," this was simply the acknowledgment of an uncontroverted fact. Hechanova had the opportunity to show she faced persecution under the post-Marcos democracy. She failed to do so. The BIA did not violate Hechanova's due process rights by taking administrative notice of the change in government.
 
 
 14
 Nor was it an abuse of discretion for the BIA to conclude that Hechanova did not suffer past persecution so atrocious as to mandate asylum even without a fear of future persecution. The INS will grant asylum based on past persecution alone in rare circumstances where the past treatment of the alien is "so severe that repatriation ... would be inhumane." Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir.1991). This discretionary form of asylum has been deemed appropriate where the alien was systematically tortured for eight years, see Matter of Chen, Int.Dec 3104 (BIA1989), and where the alien was repeatedly arrested, beaten viciously, and received specific death threats. See Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). Accepting the truth of Hechanova's accounts of past mistreatment, it was not an abuse of discretion for the BIA to conclude that Hechanova's three arrests, two short detentions, and other incidents of mistreatment did not rise to the severe level of past persecution required.
 
 
 15
 Hechanova also challenges the BIA's affirmance of the IJ's refusal to grant Hechanova voluntary departure under 8 U.S.C. 1254(e). The grant of voluntary departure is discretionary. The alien bears the burden of showing that she is eligible and that the equities merit voluntary departure. Abedini v. INS, 971 F.2d 188, 192-93 (9th Cir.1992). We review for abuse of discretion the denial of voluntary departure. Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994). We lack the authority to second-guess the weight of the equities determined by the BIA. Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991).
 
 
 16
 The BIA did not abuse its discretion in upholding the IJ's denial of voluntary departure. The IJ ruled, and the BIA agreed, that Hechanova did not meet the statutory requirement of "good moral character" due to her criminal act of obtaining a social security card a month after her arrival in the United States. Hechanova contends that, under this standard, no alien would be allowed voluntary departure because, she asserts, virtually all aliens illegally obtain social security cards.
 
 
 17
 Hechanova provides no evidence to support this empirical assertion. Even if we were to assume the truth of the assertion, the BIA would be within its broad discretion to deny the privilege of voluntary departure to such aliens. Moreover, Hechanova has not offered any evidence that the BIA departed from established policy in denying her voluntary departure on this ground. See id.
 
 
 18
 Finally, Hechanova argues the BIA improperly rejected her motion to remand her case to the IJ for a determination of her eligibility for suspension of deportation on the ground of extreme hardship under section 244(a) of the Act, 8 U.S.C. § 1254(a). We disagree.
 
 
 19
 The BIA determined Hechanova failed to establish a prima facie case of eligibility. Hechanova contends the BIA failed to give adequate consideration to the hardship her United States citizen daughter would suffer should Hechanova be deported and separated from her child. Her daughter was born after Hechanova's arrival in the United States.
 
 
 20
 We review for abuse of discretion the BIA's refusal to remand and its determination of no extreme hardship. INS v. Doherty, 502 U.S. 314, 323 (1992) (refusal to remand); Shooshtary v. INS, 39 F.3d 1049, 1050-51 (9th Cir.1994) (extreme hardship).
 
 
 21
 Contrary to Hechanova's argument, the BIA fully considered the hardship her deportation might cause to her and her daughter. The BIA decision discusses at length Hechanova's daughter and the legal basis for a hardship claim based on a citizen child left in this country.
 
 
 22
 Although the separation of a deported alien parent from her United States citizen child may be a basis for establishing extreme hardship, the BIA requires more than a mere assertion that the alien will leave the child in the United States. Matter of Ige, Int.Dec. 3230 (BIA1994). The BIA considered the possibility of Hechanova's separation from her daughter, but Hechanova failed to satisfy the minimal evidentiary showing required to prove hardship by separation: a sworn affidavit of intent to leave the child in this country accompanied by evidence demonstrating reasonable provisions for the care and support of the child. See INS v. Jong Ha Wang, 450 U.S. 139, 143 (1981); 8 C.F.R. § 3.8(a) (1994).
 
 
 23
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hechanova argues that the Philippines has experienced some civil unrest since the fall of Marcos. General unrest, however, without a showing of an individualized fear of harm is not "persecution" within the meaning of the Act. See Limisco v. INS, 951 F.2d 210, 212 (9th Cir.1991)
 Furthermore, the fact that the State Department issued an advisory letter stating Hechanova had a reasonable, well-founded fear of persecution should she return to the Philippines was written while Marcos was still in power.